UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIRBY ECKHARDT,

       Plaintiff,                                 Case No:  2:16-cv-00130-SPC-MRM

v.

MASSEY SERVICES, INC., a Florida
Profit Corporation,

       Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, MASSEY SERVICES, INC. ("MASSEY"), by counsel, hereby answers the Complaint filed by Plaintiff, KIRBY ECKHARDT ("Plaintiff"), paragraph by paragraph, as follows:

1. MASSEY admits that paragraph 1 of the Complaint purports to be an action for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA").

2. MASSEY admits the allegations contained in paragraph 2 of the Complaint for jurisdictional purposes only.

3. MASSEY admits the allegations contained in paragraph 3 of the Complaint for jurisdictional purposes only.

4. MASSEY admits the allegations contained in paragraph 4 of the Complaint for jurisdictional purposes only.

5. MASSEY admits the allegations contained in paragraph 5 of the Complaint.

6. MASSEY admits the allegations contained in paragraph 6 of the Complaint.

7. MASSEY admits the allegations contained in paragraph 7 of the Complaint.

8. MASSEY admits the allegations contained in paragraph 8 of the Complaint.

9. MASSEY admits the allegations contained in paragraph 9 of the Complaint for venue purposes only.

10. MASSEY is without knowledge as to the allegations contained within paragraph 10 of the Complaint and, as such, denies same.

11. MASSEY admits the allegations contained in paragraph 11 of the Complaint.

12. MASSEY admits the allegations contained in paragraph 12 of the Complaint.

13. MASSEY admits the allegations contained in paragraph 13 of the Complaint.

## COUNT I
## VIOLATION OF § 29 U.S.C. 207 (UNPAID OPVERTIME)

14. MASSEY realleges and reasserts its answers to paragraphs 1 through 13 of the Complaint, as if fully set forth herein.

15. MASSEY admits the allegations contained in paragraph 15 of the Complaint.

16. MASSEY admits the allegations contained in paragraph 16 of the Complaint.

17. MASSEY admits the allegations contained in paragraph 17 of the Complaint.

18. MASSEY admits the allegations contained in paragraph 18 of the Complaint.

19. MASSEY denies the allegations contained in paragraph 19 of the Complaint.

20. MASSEY denies the allegations contained in paragraph 20 of the Complaint.

21. MASSEY denies the allegations contained in paragraph 21 of the Complaint.

22. MASSEY admits the allegations contained in paragraph 22 of the Complaint.

23. MASSEY denies the allegations contained in paragraph 23 of the Complaint.

24. MASSEY denies the allegations contained in paragraph 24 of the Complaint.

25. MASSEY denies the allegations contained in paragraph 25 of the Complaint.

26. MASSEY denies the allegations contained in paragraph 26 of the Complaint.

MASSEY denies each and every allegation, and all possible inferences from each and every allegation, that is not expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

MASSEY asserts the following defenses and affirmative defenses to Plaintiff's Complaint:

### First Affirmative Defense

27. The Complaint should be dismissed for failure to state a cause of action under the FLSA for which relief can be granted.

### Second Affirmative Defense

28. Plaintiff, at all times material herein, was exempt from the overtime requirements of the FLSA because he was employed in a primarily commissioned position within a retail establishment pursuant to 29 U.S.C. § 207(i). *See* 20 C.F.R. § 779, *et seq*.

### Third Affirmative Defense

29. Portions of Plaintiff's Complaint are barred by the two-year statute of limitations found at 29 U.S.C. § 255(a) Portal to Portal Act. The statute of limitations bars in whole or in part any claims, causes of action, and damages alleged in the Complaint occurring more than two years prior to the filing of the Complaint.

### Fourth Affirmative Defense

30. Without admitting that any acts or omissions of Defendant giving rise to Plaintiff's claim violated the FLSA, Defendant's actions were not willful so as to invoke the three-year statute of limitations. Defendant did not show reckless disregard for

whether its conduct complied with the FLSA and, at all times applicable, Defendant acted in good faith by relying on enforcement guidance from the U.S. Department of Labor.

### Fifth Affirmative Defense

31. Without admitting that any acts or omissions of MASSEY giving rise to Plaintiff's claim violated the FLSA, MASSEY cannot be held liable for liquidated damages in the circumstances of this case because MASSEY acted in good faith and had reasonable grounds to believe such acts or omissions were not in violation of the FLSA.

### Sixth Affirmative Defense

32. Without admitting that any acts or omissions of MASSEY giving rise to Plaintiff's claim violated the FLSA, Plaintiff is only entitled to recover one-half his regular rate for each hour worked over forty in any workweek because Plaintiff was already compensated at his regular rate for all hours worked.

### Seventh Affirmative Defense

33. Plaintiff's claim is barred by the doctrine of estoppel if Plaintiff misrepresented the hours of work for which he worked and MASSEY relied on this representation to its detriment.

### Eighth Affirmative Defense

34. Plaintiff has the burden to prove that he performed substantial work duties for the predominant benefit of the employer which MASSEY knew or should have known was performed and which was not paid; alternatively, Plaintiff is estopped to the extent he failed to notify MASSEY of his alleged work.

5

**Ninth Affirmative Defense**

35.     Plaintiff is not entitled to compensation for any time spent on "preliminary" and/or "postliminary" activities which occurred either prior to the commencement or subsequent to the end of any particular workday in which Plaintiff was employed by MASSEY.

**Tenth Affirmative Defense**

36.     To the extent a claim may exist, any amounts due Plaintiff are de minimus.

**Eleventh Affirmative Defense**

37.     MASSEY, at all times material herein, acted in full compliance and in conformity with the FLSA and MASSEY relied on the applicable regulations of the United States Department of Labor, opinion letters promulgated by the United States Department of Labor, and judicial decisions construing the FLSA.

**Twelfth Affirmative Defense**

38.     MASSEY reserves the right to assert additional defenses as may be applicable and appropriate during the course of this litigation.

WHEREFORE, MASSEY respectfully requests that this Court enter a judgment in favor of the MASSEY by: (a) dismissing the claims of Plaintiff, (b) determining that Plaintiff shall take nothing away from this action, (c) entering judgment in favor of MASSEY, and (d) awarding MASSEY such other relief as may be just and proper.

Dated this 31st day of May, 2016.

        By:    */s/ J. Scott Hudson*
                J. Scott Hudson, Esquire
                Florida Bar No.: 0725137
                Primary Email: shudson@sctlaw.com
                Secondary Email: lprentice@sctlaw.com
                Peyton H. Keaton, IV, Esquire
                Florida Bar No.: 0029088
                Primary Email: pkeaton@sctlaw.com
                Secondary Email: lprentice@sctlaw.com
                Stovash, Case & Tingley, P.A.
                220 North Rosalind Avenue
                Orlando, Florida 32801
                Telephone: (407) 316-0393
                Facsimile: (407) 316-8969
                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2016, I electronically filed the foregoing, Defendant's Answer and Affirmative Defenses, with the Court by using the CM/ECF system which will send a notice of electronic filing to:

Jason L. Gunter, Esq.
Jason L. Gunter, P.A.
1625 Henry Street, Suite 103
Fort Myers, Florida 33901
jason@gunterfirm.com

Conor Foley, Esq.
Jason L. Gunter, P.A.
1625 Henry Street, Suite 103
Fort Myers, Florida 33901
conor@gunterfirm.com

                      */s/ J. Scott Hudson*
                      J. Scott Hudson, Esquire